**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RONIS ERLIN MEJIA MADRID,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, ELIZABETH DETENTION CENTER, et al.,<br><br>Respondents. | Civ. No. 26-09589 (KSH)<br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

This matter comes before the Court on Petitioner Ronis Erlin Mejia Madrid's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention as unlawful. Mejia Madrid entered the United States without inspection on or about April 20, 2019. He was apprehended the next day and processed for expedited removal. Following his removal to Honduras pursuant to that order, Mejia Madrid re-entered the United States without inspection on or about July 27, 2023. He has been detained since July 24, 2026, pursuant to a reinstated removal order. At issue is whether Mejia Madrid is lawfully detained under 8 U.S.C. § 1231 and whether he is entitled to a bond hearing or release from custody. For the reasons explained below, the Court DENIES the Petition without prejudice.

## I. RELEVANT BACKGROUND & PROCEDURAL HISTORY

Mejia Madrid is a native and citizen of Honduras who entered the United States without inspection on April 20, 2019, via Brownsville, Texas. (ECF No. 5 at 1.) On April 21, 2019, Border Patrol Agents apprehended Mejia Madrid and issued an expedited removal order pursuant to § 235(b)(1) of the Immigration and Nationality Act. (*Id.*) The agents also issued a notice advising Mejia Madrid that he would be prohibited from entering the United States for five years from the

date of removal. (*Id.*) On May 6, 2019, Mejia Madrid was removed from the United States pursuant to that removal order. (*Id.*)

Mejia Madrid re-entered the United States without inspection on or about July 27, 2023. (ECF No. 1 at 3.) He continuously lived in the United States until he was arrested by Immigration and Customs Enforcement ("ICE") officers on July 24, 2026, during a "targeted enforcement operation" in New Jersey. (ECF No. 5 at 2.) On the same day, ICE reinstated Mejia Madrid's removal order. (*Id.*)

Mejia Madrid filed a petition for a writ of habeas corpus (ECF No. 1, "Petition") on July 29, 2026, challenging his immigration detention as unlawful. In his Petition, Mejia Madrid asserts that he has no criminal history and has strong ties to his community, including a fifteen-year-old daughter in the United States and another daughter in Honduras, both of whom rely on him. (ECF No. 1 at 3.)

Respondents assert that Mejia Madrid is lawfully detained pursuant to 8 U.S.C. § 1231 because his removal order was reinstated on the date of his detention and that they can remove him within a month of this Court lifting the Order enjoining his transfer. (ECF No. 5 at 1.) Mejia Madrid did not file a reply.

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). District courts have the power to grant writs of habeas corpus. 28 U.S.C. § 2241(a). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on

Petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. DISCUSSION

The issues before the Court are whether Mejia Madrid is properly detained pursuant to 8 U.S.C. § 1231 and whether his continued detention without a bond hearing comports with due process.

Respondents state, and Mejia Madrid does not disagree, that his removal order was reinstated on the date of his arrest on July 24, 2026. (ECF No. 5 at 1.) Under 8 C.F.R. § 241.8(a), when immigration officials determine reinstatement is appropriate, "the officer need only find that the alien in question was subject to a prior removal order, is the same person to whom that order was applied, and that he thereafter re-entered the country unlawfully." *Calle Guaman v. Soto*, No. 26-1783, 2026 WL 811353, at *1 (D.N.J. Mar. 24, 2026) (citing *Ponta-Garcia v. Att'y Gen.*, 557 F.3d 158, 158 (3d Cir. 2009)). Where a noncitizen does not provide specific "evidence to contest these minimal required facts, the reinstatement of a prior removal order is a 'simple' act with immediate effect." *Id.* (citing *Ponta-Garcia*, 557 F.3d at 161, 165).

Accordingly, because Mejia Madrid has a valid removal order from 2019, re-entered the United States without inspection, and had his removal order reinstated, his detention is properly governed by 8 U.S.C. § 1231.

Under 8 U.S.C. § 1231, detention is mandatory for the ninety-day removal period and detention authority may extend beyond that period as necessary to effectuate removal. 8 U.S.C. § 1231(a)(6); *see also Zadvydas*, 533 U.S. at 701 (finding a presumptively reasonable period of detention of six months where there is no significant likelihood of removal in the reasonably foreseeable future). The removal period begins from the date of the reinstatement of the removal

order. *See Cuellar Basurto v. Warden*, No. 26-08344, 2026 WL 2168310, at *2 (D.N.J. July 27, 2026); *Vargas Chacon v. Rokosky*, No. 26-00119, 2026 WL 1048383, at *2 (D.N.J. Apr. 17, 2026).

Mejia Madrid's removal order was final on April 21, 2019, and reinstated on July 24, 2026. (ECF Nos. 5-3, 5-5, 5-6.) He has been in custody since on or about July 24, 2026, and therefore remains detained within the presumptively reasonable period. *Zadvydas*, 533 U.S. at 701. Mejia Madrid has not alleged or presented evidence supporting a finding that his removal is not significantly likely in the foreseeable future and, therefore, has not made an initial showing under *Zadvydas* to challenge his continued detention on due process grounds. *See id.* ("After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing.").

Regardless, Respondents filed a certification from Deportation Officer Giovanni Giuca confirming that ICE is in possession of Mejia Madrid's travel documents and that his removal can take place "within approximately one month" once this Court lifts the injunction on his transfer. (ECF No. 7-1 at 1.) Therefore, the Court concludes that Mejia Madrid's transfer is significantly likely in the foreseeable future and his continued detention pursuant to 8 U.S.C. § 1231 does not violate due process.

## IV. CONCLUSION

For these reasons, the Petition is DENIED WITHOUT PREJUDICE. An appropriate Order follows.

Dated: 5, November, 2026

/s/ Katharine S. Hayden
**KATHARINE S. HAYDEN**
**UNITED STATES DISTRICT JUDGE**